HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRECISION INDUSTRIAL CONTRACTORS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACK R. GAGE REFRIGERATION, INC., et al,<br><br>Defendants. | CASE NO. C19-5810RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Precision Industrial Contractors, Inc.'s ("PIC") Motion to Expand this Court's Order Granting Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction [Dkt. #16].

Defendants Jack R. Gage Refrigeration, Inc. d/b/a/ Alpha Omega Industrial; Christopher M. McClellan and Tami L. McClellan, d/b/a CMC Consulting, LLC; and Jason Hoyt, oppose PIC's motion, and filed their own Motion for Immediate Dissolution of Temporary Restraining Order [Dkt. #55].

The Court has reviewed the parties' various submissions including legal memoranda and declarations, and has heard oral argument. For the following reasons, the Motion for Immediate

Dissolution of Temporary Restraining Order [Dkt. #55] is **GRANTED** and the Plaintiff's Motion for Preliminary Injunction [Dkt. #16] is **DENIED**.

To be entitled to a TRO or preliminary injunction, a party must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

The Court has now had an opportunity to more closely examine PIC's alleged facts, it has determined that they do not provide sufficient support for PIC's allegations that continuing injunctive relief is necessary.

First, the Court is not persuaded by the representations and displays of trade secrets and silver bullets that gives PIC a "leg up" on any bidding process. Anyone in the industry for more than a couple of years who submits a bid for a job learns that they must inevitably account for the rudiments of quality service, time and materials and the contingencies, in order to be profitable. The defendants profess that they took no unique or secret information from PIC and they have not since applied such information in any on-going work.

Second, the real dispute between the parties is competition for the allegiance and acceptance of the customer. PIC wants to shut out the defendants from submitting bids to companies that invited plaintiff (*and* defendants) to bid for their work. The Employment Agreement's key language is found at paragraph 10:

> 10. **Non-Solicitation and Non-Servicing**. Employee agrees that during the term of his/her employment hereunder and for a period of one (1) year thereafter} Employee} shall not} directly or indirectly, <u>solicit or contact any customer or client of Employer with a view to inducing or encouraging such client or customer to discontinue or curtail any business relationship with Employer within territories in which Employer conducts business.</u> Employee further agrees that during his/her employment hereunder, and for a period of one (1) year thereafter, he/she will not, directly or indirectly, request or advise any customer or client of Employer to withdraw, curtail or cancel its business with Employer. Employee further agrees that during his/her employment hereunder, and for a period of one (1) year thereafter} he/she will not} directly or indirectly service any customer or client of Employer within the Territory while in the course of engaging in any business or undertaking that is in competition with the business of Employer} i.e., any business or undertaking that is in the business of hiring and supplying temporary personnel for other companies, and will not, within the Territory} directly or indirectly divert any business away from Employer. Employee agrees that these provisions are necessary in order to protect the goodwill of Employer and inside information about Employer's operation.

[Dkt. # 56-1 at 3]

The plain language of this provision suggests to an objective reader that responding to an invitation to bid for new work in a competitive bid situation does not fall within the prohibited conduct. Defendants are not encouraging a customer to discontinue or curtail any business relationship with the Employer or request customer to cancel its business with the Employer. Submitting a bid requested by a customer does not necessarily require use of inside information about Employer's operation or destroy the goodwill of the Employer.

Third, there is a legitimate question about whether Hoyt's employment agreement was signed before or after he began working, and, if so, whether new consideration was provided for the non-competition provisions.

Fourth, McKinley Paper is not a customer of Precision.

Fifth, Chris McClellan does not participate in any way with the awarding of contracts at Port Townsend Paper Co.

//

//

//

On this record, PCI has not shown that it is likely to succeed on the merits or that it is likely to suffer irreparable harm in the absence of preliminary relief. Therefore, the Temporary Restraining Order [Dkt. #16] is **DISSOLVED**. The Motion for further injunctive relief is **DENIED**. The parties will be responsible for their own fees and costs.

IT IS SO ORDERED.

Dated this 22nd day of October, 2019.

Ronald B. Leighton
United States District Judge